# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1. STEPHANIE L. WRIGHT,  )<br>   )<br>        Plaintiff,  )<br>   )<br>v.   )<br>   )<br>1. KAY COUNTY JUSTICE FACILITIES  )<br>AUTHORITY d/b/a KAY COUNTY  )<br>DETENTION CENTER,   )<br>   )<br>2. DON JONES, individually and in his official  )<br>capacity as Director of the Kay County Justice  )<br>Facility Authority, and  )<br>   )<br>3. MATTHEW WARE, individually,  )<br>   )<br>        Defendant.  )<br>   ) | Case No. CIV-19-1013-C<br><br><br><br><br>Jury Trial Demanded<br>Attorney Lien Claimed |

## COMPLAINT

**COMES NOW THE PLAINTIFF**, and for her cause of action herein alleges and states as follows:

## PARTIES

1. The Plaintiff is Stephanie Wright, an adult female, who resides in Kay County, Oklahoma.

2. The Defendants are:

   A. The Kay County Justice Facilities Authority, d/b/a Kay County Detention Center (hereafter referred to as "Center"), a public trust and governmental subdivision doing business in Kay County, Oklahoma;

   B. Don Jones, individually and in his official capacity as Director of the Kay County Justice Facility Authority; and,

   C. Matthew Ware, individually.

## JURISDICTION AND VENUE

3. Plaintiff's action is for wrongful and retaliatory termination in violation of Title VII and the First Amendment as made actionable by 42 U.S.C. § 1983. Jurisdiction is granted over the Title VII claim by 42 U.S.C. § 2000e-5(f) and jurisdiction over the civil rights claim is vested pursuant to 28 U.S.C. §§ 1331, 1343(a)(3).

4. All of the actions complained of herein occurred in Kay County, Oklahoma, and Defendants may be served in that county, wherefore venue is proper in this Court under 28 U.S.C. § 1391(b).

## STATEMENT OF FACTS

5. The Plaintiff was employed by Defendant Center from approximately March 1, 2011, until she was involuntary terminated around August 14, 2018.

6. At the time of her termination the Plaintiff worked as a Administrative Lieutenant.

7. Defendant at all relevant times employed more than fifteen (15) employees in each week of the year before, during, and after the Plaintiff's termination.

8. The Plaintiff held the qualifications required for her job position and was performing her job duties in a satisfactory manner.

9. On or around September 21, 2017, Officer Selena Williams approached and reported to Plaintiff that she was being sexual harassed by another employee of the Defendant, Brent Orr. Plaintiff reported the sexual harassment to Plaintiff's immediate supervisor Lt. Chief of Security, Matt Ware. Such report is protected by the participation clause and opposition clause of Title VII. Mr. Ware dismissed Plaintiff's remarks and report regarding Officer Williams, and no responsive action was taken to Plaintiff's knowledge.

10. On or around September 27, 2017, Don Jones, Director, requested a meeting with Plaintiff to discuss the sexual harassment allegations Plaintiff had previously reported to Deputy Director Ware. During this meeting, Director Jones instructed Plaintiff to bring all future sexual harassment allegations to directly to him. To Plaintiff's knowledge, no responsive action was taken.

11. On or around October 16, 2017, Plaintiff requested a meeting with Director Jones to discuss Deputy Director Ware's inappropriate behavior. During this meeting, Plaintiff presented Director Jones with a written formal grievance regarding Deputy Director Ware's inappropriate behavior.

12. On or around October 17, 2017, approximately one (1) day after Plaintiff submitted her formal grievance, Director Jones requested a meeting with the Plaintiff. During this meeting, Director Jones stated "[t]hink long and hard about how you (Plaintiff) want to move forward with the current situation". Additionally, Director Jones informed Plaintiff that her behavior was "unbecoming" and instructed her to stop discussing any issues the Plaintiff had with Deputy Director Ware. Following Plaintiff's protected complaints to Director Jones, Director Jones and Deputy Director Ware became increasingly conformational and combative towards Plaintiff, including but not limited to ignoring Plaintiff's complaints and or questions, regularly denying Plaintiff access to work-related information required for Plaintiff to perform certain job duties, and walking away from Plaintiff during conversations.

13. On or around February 2, 2018, Plaintiff was assigned to do security on an inmate (Johnson) who was being hospitalized for final stages of cirrhosis of the liver. During Plaintiff's time with the inmate, Plaintiff learned the inmate had been previously held in a padded cell for approximately forty-two (42) days. The padded cell affords no water source, no bed, and has no bathroom

        facilities outside of a hole in the floor. Plaintiff was aware the inmate had a history of mental health disorders; however, the inmate had been cleared by mental health physicians. Despite the inmate being cleared, Deputy Director Ware refused to remove the inmate from the padded cell.

14. On or around February 3, 2018, Plaintiff learned Deputy Director Ware had ordered an inmate be cuffed and both arms extended out in a crucifixion-type pose for approximately one (1) hour. The inmate was not being combative, nor had the inmate been aggressive to any of the officers, yet Deputy Director Ware ordered the inmate be restrained in the manner described for an extended period of time.

15. On or around February 5, 2018, Plaintiff reported the inmate abuse and assaults to the Oklahoma State Bureau of Investigation ("OSBI"), an agency of the State of Oklahoma. Thereafter, Plaintiff was interviewed by Ricky Brown (OSBI) and Chris Edwards (Kay County District Attorney). Plaintiff reported to Mr. Brown and Mr. Edwards the various inmate assaults as well as the threats made by Director Jones and Deputy Director Ware.

16. The reports of inmate abuse involved violations of state and federal constitutional rights and duties and were clearly established matters of public concern.

17. In making such reports Plaintiff was acting as a citizen and not as an employee. It was not part of Plaintiff's job duties to make reports to law enforcement entities. It was made clear to Plaintiff that she was not to report any form of misconduct by the conduct and directives of Director Jones on or about October 17, and described in Par. 12, above.

18. On February 8 and February 9, 2018, District Attorney investigator appeared at the Facility and Defendant Jones and Ware knew or suspected that the

   investigation was initiated by the Plaintiff.

19. On or around February 9, 2018, Director Jones approached Plaintiff and demanded all files in Plaintiff's possession. Additionally, Director Jones informed Plaintiff she no longer would be working as an Administrative Lieutenant, advised her to report to a floor supervisor, and instructed her to immediately remove all personal belongings from her office. The following afternoon, Plaintiff contacted Brown (OSBI) to inform him of Director Jones' retaliatory behavior. Mr. Brown requested Plaintiff provide a written statement regarding Director Jones' retaliatory behavior.

20. Plaintiff was terminated on or around August 6, 2018 by Director Jones and, upon information and belief, the recommendation of Mr. Ware.

21. Director Jones was the person vested with final policymaking authority for the Defendant facility regarding employment matters.

22. Plaintiff's termination was motivated by both her protected participation/opposition clause action of reporting sexual harassment of a co-worker and by her reports of inmate abuse which is protected by the First Amendment.

23. As a result of the Defendant's conduct, the Plaintiff has suffered damages including lost wages (past, present and future wage loss including the value of benefits associated with such wages), and emotional distress including frustration, worry, anxiety, and similar unpleasant emotions.

24. Retaliation for reporting sexual harassment against a co-worker is protected by the opposition/participation clauses of Title VII and by the OADA.

25. Plaintiff's Title VII retaliation claim and the OADA retaliation claim is made solely against the Center.

26. As to the Title VII/ODA claims, Plaintiff filed a charge of discrimination with the EEOC on or about December 12, 2018, which is less than one hundred eighty days (180) days from the date of her termination. The EEOC issued a notice of suit rights on or about October 15, 2019, which was received thereafter. Plaintiff has filed this suit within less than ninety (90) days from the receipt of the notice of the right to sue. By these actions, Plaintiff has exhausted all administrative requirements under Title VII and the OADA.

27. Under Title VII, Plaintiff is entitled to all lost earnings and compensation for her emotional distress.

28. Under the OADA, Plaintiff is entitled to all of her lost earnings together with liquidated damages equal to her lost earnings and benefits through the date of trial.

29. Plaintiff's First Amendment retaliation claim is made against the Center which is liable for the actions of its official policymaker and decisionmaker, Director Jones and against Mr. Jones and Mr. Ware for their direct participation in the termination.

30. Under the First Amendment retaliation claim Plaintiff is entitled to her lost earnings and emotional distress from the Center.

31. Under the First Amendment retaliation claim Plaintiff is also entitled to her lost earnings and emotional distress from Defendants Jones and Ware individually.

32. Because the actions of Defendants Jones and Ware were willful, wanton or, at the least, retaliatory, Plaintiff is entitled to recover punitive damages against Defendants Jones and Ware individually.

## **PRAYER**

**WHEREFORE**, Plaintiff prays that she be awarded her actual damages from all Defendants.  Plaintiff prays that she awarded liquidated damages under the OADA against the Center.  Plaintiff prays that she be awarded punitive damages against Defendants Jones and Ware. Finally, Plaintiff asks for recovery of her costs and attorney's fees from all Defendants, together with such other legal and equitable remedies as the Court and jury may deem appropriate.

**RESPECTFULLY SUBMITTED THIS 5th DAY OF NOVEMBER. 2019.**

HAMMONS, HURST& ASSOCIATES

s/ Mark Hammons
Mark Hammons, OBA No. 3784
Amber L. Hurst, OBA No. 21231
325 Dean A. McGee Avenue
Oklahoma City, Oklahoma 73102
Telephone: (405) 235-6100
Facsimile: (405) 235-6111
Email: amberashby@hammonslaw.com
*Counsel for Plaintiff*

Jury trial demanded
Attorney Lien Claimed