IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| STEPHANIE L. WRIGHT, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | Case No. CIV-19-1013-C |
|  | ) |  |
| KAY COUNTY JUSTICE FACILITIES AUTHORITY d/b/a KAY COUNTY DETENTION CENTER; DON JONES, Individually and in his official capacity as Director of the Kay County Justice Facilities Authority; and MATTHEW WARE, Individually, | ) ) ) ) ) ) ) |  |
|  | ) |  |
| Defendants. | ) |  |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed this action asserting claims arising from the termination of her employment with Defendant Kay County Justice Facilities Authority. Among other claims, Plaintiff alleges that she was terminated for complaining of sexual harassment by Defendant Ware and for complaining about the way a certain inmate was treated by Defendant Ware. Plaintiff lodges a First Amendment claim against Defendant Ware. Defendant Ware has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing Plaintiff has failed to state a claim for relief. Defendant Ware also asserts the claim against him should be dismissed as he is entitled to qualified immunity.

Defendant's request for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) requires the Court to examine the "specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210,

1215 n.2 (10th Cir. 2007) (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555-56 (2007), and <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-94 (2007)).

After review of the arguments raised by the parties and consideration of the allegations in Plaintiff's Complaint, the Court finds that Plaintiff has pleaded sufficient facts to support the claim raised against Defendant Ware. As for Defendant Ware's claim of qualified immunity, he does not assert that the right allegedly violated was not clearly established. Rather, Defendant Ware asserts that the allegations of the Complaint are insufficient to establish that he violated Plaintiff's constitutional rights. Again, review of the Complaint reveals that Plaintiff has pleaded sufficient facts to apprise Defendant Ware of the right allegedly violated and the manner in which it was allegedly violated. At this stage, nothing more is required.

For the reasons set forth herein, the Motion to Dismiss of Defendant Ware (Dkt. No. 16) is DENIED.

IT IS SO ORDERED this 24th day of February, 2020.

ROBIN J. CAUTHRON
United States District Judge