IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE L. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-19-1013-C |
| | ) |
| KAY COUNTY JUSTICE FACILITIES | ) |
| AUTHORITY d/b/a KAY COUNTY | ) |
| DETENTION CENTER; DON JONES, | ) |
| Individually and in his official capacity as | ) |
| Director of the Kay County Justice | ) |
| Facilities Authority; and MATTHEW | ) |
| WARE, Individually, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff filed the present action asserting claims arising from the termination of her employment with Defendant Kay County Justice Facilities Authority. The parties have now reached an impasse as to certain of Plaintiff's discovery requests.

Plaintiff seeks an Order from the Court compelling Defendant Kay County Justice Facilities Authority ("Kay County") to respond to certain discovery requests. Specifically, Plaintiff seeks responses to Request for Production No. 2 and Interrogatories No. 5, 6, 7 and 8. In her Reply, Plaintiff states that Kay County has now responded to the Request for Production and her Motion is moot as to that issue.

The challenged Interrogatories request Kay County to identify material information relevant to allegations in Plaintiff's Complaint surrounding the alleged mistreatment of certain prisoners and Plaintiff's complaints about that alleged mistreatment. Plaintiff

asserts this information is central to her First Amendment claims. Kay County objected to each Interrogatory asserting it was vague, overbroad and unduly burdensome. Kay County also argued the Interrogatories sought information about what Plaintiff knew rather than information about its actions. As part of the Fed. R. Civ. P. 37.1 process Plaintiff explained to Kay County that she was seeking information about knowledge its employees have regarding the specified paragraphs in her Complaint. Even with this clarification Kay County maintains its objections that the Interrogatories are overly broad and unduly burdensome. In apparent support for its objection, Kay County asserts that to answer the Interrogatories it would have to interview all of its employees to learn what knowledge they may have about the relevant allegations of Plaintiff's Complaint.

After consideration of the arguments raised by the parties, the Court finds Plaintiff's Motion should be granted. It is neither uncommon nor improper to expect a party to take action necessary to gather information needed to respond to a discovery request. This is particularly true of corporate entities which can only act through employees. Expecting a party to interview those employees who may have responsive information is not unduly burdensome. Certainly, Kay County has failed to offer any evidence or argument demonstrating any burden is too great or disproportional to the case. Kay County's belated claim that the discovery lacks relevance fails to overcome the arguments provided by Plaintiff which demonstrate the relevance of the discovery. Kay County shall provide response to Interrogatories No. 5, 6, 7 and 8.

As set forth herein, Plaintiff's Motion to Compel (Dkt. No. 26) is GRANTED in part and MOOT in part.  To the extent responses are ordered herein, Kay County shall provide them to Plaintiff within 30 days of the date of this Order.

IT IS SO ORDERED this 13th day of May 2020.

*[signature]*

ROBIN J. CAUTHRON
United States District Judge