IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEPHANIE L. WRIGHT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-19-1013-C |
| ) | |
| KAY COUNTY JUSTICE FACILITIES ) | |
| AUTHORITY d/b/a KAY COUNTY ) | |
| DETENTION CENTER; DON JONES, ) | |
| individually and in his official capacity as ) | |
| Director of the Kay County Justice ) | |
| Facilities Authority, ) | |
| ) | |
| Defendants. ) | |

## **ORDER**

Plaintiff has filed a Motion to Strike Defendants' Expert Witness List. Plaintiff argues Defendants' recently filed Expert Witness list fails to comply with Fed. R. Civ. P. 26(a)(2)(C) because that list fails to provide a summary of the proposed testimony of the witness. Defendants have filed a Response noting the Expert Witness list was filed as a precautionary matter in that the challenged witnesses are Plaintiff's treating physicians and that as a rule, treating physicians are not considered expert witnesses. In their response, Defendants note there is only one witness at issue, Steve Mallory.

As has been the case on previous occasions in this case, the present Motion is much ado about nothing. Further, it reflects precisely the type of dispute that LCvR 37.1 exists to address. That Rule states:

> With respect to all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, this court shall refuse to hear any such motion or objection unless counsel for movant first advises the court in writing that counsel personally have met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord.

As Defendants note, Plaintiff's concerns could likely have been resolved via a simple conference between counsel. In that event, the waste of resources caused by Plaintiff's Motion could have been avoided. While Plaintiff's Motion need not be considered due to failure to comply with this Rule, the Court will nevertheless address it on the merits.

The dispute centers on identification of Plaintiff's treating physician as a potential expert witness. Plaintiff notes in her Motion, "The purpose of expert disclosures is 'to eliminate surprise and provide opposing counsel with enough information . . . to prepare efficiently for deposition, any pretrial motions and trial.'" Carbaugh v. Home Depot U.S.A., Inc., No. 13-CV-02848-REB-MEH, 2014 WL 3543714, at *2 (D. Colo. July 16, 2014) (quoting Cook v. Rockwell Int'l Corp., 580 F. Supp. 2d 1071, 1121–22 (D. Colo. 2006)). It is difficult to imagine how Plaintiff could claim surprise at testimony from her treating physician. Indeed, as Defendants' witness list notes, the scope of potential testimony is limited to addressing any claim by Plaintiff of "alleged physical, emotional and/or psychological harm or injury." Dkt. No. 49. How Plaintiff could claim surprise or inability to prepare for trial regarding

2

testimony about her from her treating physician strains reason. Accordingly, Plaintiff's Motion will be denied.

As set forth more fully herein, Plaintiff's Motion to Strike Defendant's Expert Witness List (Dkt. No. 51) is DENIED.

IT IS SO ORDERED this 6th day of October, 2020.

ROBIN J. CAUTHRON
United States District Judge