IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| STEPHANIE L. WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-19-1013-C |
| | ) | |
| KAY COUNTY JUSTICE FACILITIES | ) | |
| AUTHORITY, d/b/a KAY COUNTY | ) | |
| DETENTION CENTER; and DON JONES | ) | |
| in his individual and official capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff was employed by Defendant Kay County Justice Facilities, d/b/a Kay County Detention Center ("KCDC"), as a compliance officer. Defendant Jones was the director of KCDC during Plaintiff's employment. Following her termination by Defendants, Plaintiff filed the present action raising a First Amendment claim and claims based on Title VII. Asserting the undisputed facts warrant judgment, Defendants have each filed a Motion for Summary Judgment.

## STANDARD OF REVIEW

Summary judgment is appropriate if the pleadings and affidavits show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "[A] motion for summary judgment should be granted only when the moving party has established the absence of any genuine issue as to a

material fact." Mustang Fuel Corp. v. Youngstown Sheet & Tube Co., 561 F.2d 202, 204 (10th Cir. 1977). The movant bears the initial burden of demonstrating the absence of material fact requiring judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). A fact is material if it is essential to the proper disposition of the claim. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). If the movant carries this initial burden, the nonmovant must then set forth "specific facts" outside the pleadings and admissible into evidence which would convince a rational trier of fact to find for the nonmovant. Fed. R. Civ. P. 56(e). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." Celotex, 477 U.S. at 324. Such evidentiary materials include affidavits, deposition transcripts, or specific exhibits. Thomas v. Wichita Coca-Cola Bottling Co., 968 F.2d 1022, 1024 (10th Cir. 1992). "The burden is not an onerous one for the nonmoving party in each case, but does not at any point shift from the nonmovant to the district court." Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 672 (10th Cir. 1998). All facts and reasonable inferences therefrom are construed in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

## DISCUSSION

In her response to Defendant KCDC's Motion, Plaintiff abandons her claims based on Title VII. Plaintiff states that she proceeds only on her claim that her First Amendment

rights were violated by her termination.  Accordingly, Plaintiff's claim will be analyzed under the Garcetti/Pickering[1] standard.

Following the teachings of Garcetti and Pickering, the Tenth Circuit established a five-step process to analyze free speech claims.  Brammer-Hoelter v. Twin Peaks Charter Acad., 492 F.3d 1192, 1202 (10th Cir. 2007).  Those steps are:  First, the Court must determine if the employee was speaking as a citizen or pursuant to official duties.  Id.  If the speech was pursuant to official duties, there is no First Amendment protection.  Id.  "Second, if an employee does not speak pursuant to his official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of public concern."  Id.  "Third, if the employee speaks as a citizen on a matter of public concern, the court must determine 'whether the employee's interest in commenting on the issue outweighs the interest of the state as employer.'"  Id., at 1203, quoting Casey v. W. Las Vegas Indep. Sch. Dist., 473 F.3d 1323, 1327 (10th Cir. 2007).  Fourth, was the speech a substantial or motivating factor in the employment decision.  Brammer-Hoelter, 492 F.3d at 1203.  Finally, if the speech was a factor, can the employer show the same decision would have been made absent the speech.  Id.  "The first three steps are to be resolved by the district court, while the last two are ordinarily for the trier of fact."  Id.

Here, Plaintiff's claims fail at the first step.  In evaluating the nature of the speech, the Court must determine whether the speech was made within the scope of Plaintiff's

---

[1] Garcetti v. Ceballos, 547 U.S. 410 (2006); Pickering v. Bd. of Education, 391 U.S. 563 (1968).

employment duties.  If the speech is consistent with the type of activities the employee was

paid to do, it is made within the scope of employment.  Green v. Bd. of Cnty. Comm'rs,

472 F.3d 794, 801 (10th Cir. 2007).  The undisputed facts establish that Plaintiff's speech

occurred within the course of her official duties.  As noted above, Plaintiff was employed

as a compliance officer.  In that role, Plaintiff was responsible for ensuring KCDC was in

compliance with various policies and procedures, accreditation standards, and other laws.

Plaintiff was to report any deficiencies or violations.  Plaintiff alleges she was terminated

for reporting inmate abuse to the Oklahoma State Bureau of Investigation ("OSBI").

Defendants[2] argue that Plaintiff's report to the OSBI was made pursuant to her duties and

thus was made within the scope of her employment.  In support, Defendants point to one

of Defendant KCDC's policies which required reporting of any criminal act occurring

within KCDC.  Plaintiff argues this policy required her to report to Defendant Jones who

would then make any outside reporting necessary.  Plaintiff argues that because she made

the report directly to the OSBI, she acted outside her employment and as an ordinary

citizen.  In support, Plaintiff cites Thomas v. City of Blanchard, 548 F.3d 1317, 1323 (10th

Cir. 2008).  According to Plaintiff, Thomas makes clear that just because speech was made

at work and about work does not establish that it was made within the scope of the

employee's official duties.  Plaintiff's analysis is correct.  However, it fails to consider the

remainder of the Tenth Circuit's opinion in Thomas.  The Circuit noted that it has taken a

---

      [2]   Both Defendants challenge Plaintiff's First Amendment claim on the same grounds.  Accordingly, the Court will refer to Defendants when addressing this issue.

broad view when examining whether speech was pursuant to official duties.  Id. at 1324.

The focus must be on whether the speech stemmed from and was the type of activity for

which the employee was paid.  Id.  The Circuit further noted the ultimate question is

whether the employee speaks as a citizen or instead as a government employee.  Id.  The

Tenth Circuit has found speech  not to  be protected even where the employee goes outside

the normal chain of command as long as the speech was of the type of activity for which

the employee was paid.  Rohrbough v. Univ. of Colo. Hosp. Auth., 596 F.3d 741, 747 (10th

Cir. 2010).  Here, Plaintiff was paid to report violations of the type she reported to the

OSBI.  That she elected to go outside the chain of command and report to the OSBI rather

than Defendant Jones, does not alter the fact that her speech was made within the scope of

her duties.  Thus, her speech is not protected by the First Amendment and Defendants are

entitled to judgment on this claim.

As noted above, Plaintiff has abandoned all other claims.  Thus, Defendants are

entitled to judgment on them.[3]  Because Plaintiff cannot establish a constitutional violation,

it is unnecessary to address Defendant Jones' claim of qualified immunity.

## CONCLUSION

For the reasons set forth herein, Defendant Kay County Justice Facilities

Authority's Motion for Summary Judgment (Dkt. No. 59) and Defendant Don Jones, in

---

[3] Plaintiff states she is withdrawing her other claims.  However, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), Plaintiff cannot voluntarily dismiss her claims at this stage. Thus, the Court finds entry of judgment in Defendants' favor is appropriate.

His Individual Capacity and in His Official Capacity as Director of the Kay County Justice

Facilities' Motion for Summary Judgment (Dkt. No. 60) are GRANTED.   A separate

judgment will issue.

     IT IS SO ORDERED this 21st day of January 2021.

ROBIN J. CAUTHRON
United States District Judge